UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDON JOHNSON, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:12-cv-01257-JMS-DML |
| | ) | |
| UNION TANK CAR COMPANY and CALABRIAN | ) | |
| CORPORATION, | ) | |
| *Defendants.* | ) | |

## <u>ORDER TO FILE JOINT JURISDICTIONAL STATEMENT</u>

Defendant Union Tank Car Company ("<u>Union</u>") filed a Notice of Removal on September 5, 2012. [Dkt. 1.] In the Notice, Union states that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because: (1) Plaintiff is a citizen of Indiana, [*id.* at 2, ¶ 9]; (2) Union is incorporated under the laws of Delaware with its principal place of business in Illinois, [*id.* at 2, ¶ 10]; (3) Defendant Calabrian Corporation ("<u>Calabrian</u>") is incorporated under the laws of Delaware with its principal place of business in Texas, [*id.* at 3, ¶ 11]; and (4) although the Complaint does not specify the amount Plaintiff seeks, he has alleged that his medical bills alone total over $100,000 so the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 3, ¶¶ 12-13].

After filing the Notice, Union then filed its Answer to the Complaint, [dkt. 9], wherein it stated that it did not have sufficient information to admit or deny the allegation that Calabrian is a Delaware corporation with its principal place of business in Texas and, therefore, the allegation was denied, [*id.* at 2]. In the Answer, Union also denied that Plaintiff's medical bills exceed $100,000, [*id.* at 6], which is the basis for its statement in the Notice of Removal that the amount in controversy exceeds $75,000, exclusive of interest and costs, [dkt. 1 at 3, ¶¶ 12-13].

- 1 -

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Because of the inconsistencies noted above between Union's Notice of Removal and its Answer, the Court cannot determine whether it can exercise diversity jurisdiction over this case.[1]

Specifically, the parties are reminded that: (1) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (2) a corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); and (3) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 3, 2012** addressing the inconsistencies between Union's Notice of Removal and its Answer, and all other

---

[1] The Court also notes that Union stated in its Notice of Removal that Plaintiff is a resident of Indiana, [dkt. 1 at ¶ 2], but then denied that allegation in its Answer because it lacked sufficient information to admit or deny it, [dkt. 9 at 1]. While residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*, this inconsistency is still worth noting.

jurisdictional requirements.  If the parties cannot agree on any of the jurisdictional requirements, they are ordered to file competing jurisdictional statements by **October 3, 2012** setting forth their positions.  The joint jurisdictional statement, or competing jurisdictional statements, shall satisfy the parties' obligations under Local Rule 81-1.

09/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Sarah L. Adle
W. WINSTON BRIGGS LAW FIRM
1005C Howell Mill Road
Atlanta, GA 30318

Caroline Burchett Briggs
BRIGGS LAW OFFICE
briggs.law@frontier.com

W. Winston Briggs
W. WINSTON BRIGGS LAW FIRM
1005C Howell Mill Road
Atlanta, GA 30318

Edward A. Cohen
THOMPSON COBURN LLP
55 E. Monroe Street
Chicago, IL 60603

J. David Duffy
MANDELL MENKES & SURDYK
dduffy@thompsoncoburn.com

Edward F. Harney Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

Shelley M. Jackson
PLEWS SHADLEY RACHER & BRAUN
sjackson@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Seth Robert Wilson
HUME SMITH GEDDES GREEN & SIMMONS LLP
swilson@humesmith.com